UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CALEB WHITFIELD, | : | Case No. 3:24-cv-244 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Karen L. Litkovitz |
| SERGEANT EVERS, *et al.*, | : | |
| Defendants. | : | |

**ORDER AND
REPORT AND RECOMMENDATION**

Plaintiff is an inmate currently at the Toledo Correctional Institution, in Toledo, Ohio, and a former pretrial detainee at the Montgomery County Jail (Jail), in Dayton, Ohio. He brings this action against Jail defendants Sergeants Evers and Eversole for alleged violations of his rights while he was confined at the Jail. (Doc. 1-1). The Court understands the action to be brought under 42 U.S.C. § 1983.[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Many of the allegations in plaintiff's complaint were previously set forth in another action filed by plaintiff in this Court in Case No. 3:23-cv-23. In a Report and Recommendation in that case, which the District Judge adopted, the Magistrate Judge recommended that plaintiff's claims against Sergeants Evers and Eversole be severed and dismissed from that action without prejudice under Fed. R. Civ. P. 20(a)(2) and 21, because they were improperly joined. *See Whitfield v. Gustave, et al.*, No. 3:23-cv-23 (S.D. Ohio) (Doc. 11); *see also Harris v. Erdos*, No.

---

[1] "Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'" *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring). .

1:21-cv-104, 2022 WL 3053496, at *7 (S.D. Ohio Aug. 3, 2022). Following the issuance of the adoption of that Report and Recommendation, plaintiff filed the instant action, reasserting claims from the earlier lawsuit against these two defendants.[2]

This matter is now before the Court for a s*ua sponte* review of the complaint in the instant case to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Complaint

### A.     Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not

---

[2] Plaintiff has also filed a third civil rights lawsuit, *Whitfield v. Runyan, et al.,*, No. 3:24-cv-252 (S.D. Ohio), reasserting additional claims from the earlier lawsuit.

exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

      **B.**      **Plaintiff's Allegations**

Plaintiff alleges that while housed at the Jail a deputy, who is not named as a defendant, noticed that the lock on his cell door was damaged. (Doc. 1-1, at PageID 13). Plaintiff was told that he would be moved to a holding cell in intake until the lock was fixed. (*Id.*). Plaintiff alleges that when he was moved to intake, he repeatedly knocked on his cell door to tell staff that he was having chest pains. (*Id.*). Plaintiff states that he was ignored and eventually started to pound on the door to get a supervisor's attention. (*Id.*). Plaintiff alleges that defendant Sergeant Evers and other staff approached his cell and told him to "cuff up." (*Id.*). Plaintiff alleges that he was then transferred to a transport cell, where he remained for approximately two weeks. (*Id.*).

Plaintiff alleges that for the first two days in the transport cell he was denied a mattress and forced to sleep on a concrete slab, which prevented him from sleeping and caused him to develop sore muscles and body pains. (Doc. 1-1, at PageID 13). Plaintiff states that even when he received a mattress it did not fit on the concrete slab and he "had to sleep on the floor, on the mat." (*Id.* at PageID 14). He also alleges that the cell walls, floor, food port, and toilet were covered in feces, that there was an "overwhelming smell of urination," and that there was no working water. (*Id.* at PageID 13-14). Additionally, plaintiff alleges that "[t]he illumination

4

light in the intake cell never turned off," leading to sleep deprivation and concerns with his eyesight that he reported to medical. (*Id*. at PageID 13). Plaintiff alleges that while in the cell he suffered from "constant migraines," mood swings, anxiety, and depression. (*Id*. at PageID 13). Plaintiff also alleges that, unlike other pretrial detainees, he was denied recreation, personal property, hygiene items, phone privileges, and visitation. (*Id*. at PageID 13-15).

Plaintiff alleges that defendant Evers was aware of the "cell[']s inhumane living conditions" because he and other non-defendant correctional officers had entered the cell when they removed plaintiff's handcuffs. (Doc. 1-1, at PageID 14). Plaintiff also alleges that the cell was in the area of the Jail that Evers controlled. (*Id*.). Plaintiff alleges that defendant Eversole knew plaintiff was in the transport cell because Eversole responded to a disturbance in the area where plaintiff was being held and plaintiff attempted to complain to him but he did not respond. (*Id*.). Plaintiff asserts that on the last day he was in the transport cell he filed a grievance. (*Id*.). According to plaintiff, Eversole responded to the grievance by marking it as "not a grievance," which prevented plaintiff from appealing, by deeming it frivolous, and by attempting to justify plaintiff's placement in the transport cell by stating, "Due to you trying to force open a security door you had to be placed in one that secures properly." (*Id*.). Plaintiff disputes, however, that there was a "disciplinary or legitimate reason" for his placement. (*Id*. at PageID 15).

For relief, plaintiff seeks monetary damages. (Doc. 1-1, at PageID 16).

C.  **Analysis of the Complaint**

Liberally construing the complaint, *see Erickson*, 551 U.S. at 94, the Court understands plaintiff to be raising the following five groups of claims: (1) defendants Evers and Eversole subjected him to an unsanitary cell for two weeks—with the cell walls, floor, food port, and

5

toilet covered in feces, an "overwhelming smell of urination," no working water, and constant illumination that interfered with his sleep and his eyes and caused him headaches, anxiety, and depression; forced him to sleep on a bare concrete slab for two days and then on a mat on the floor because the mattress did not fit; and denied him cleaning supplies in violation of the Fourteenth Amendment (Doc. 1-1, at PageID 13-14);[3] (2) defendants Evers and Eversole "put[] [i]n motion a series of events which they kn[ew] or should've known would force [plaintiff] not to be able to have visits with friends or family" in violation of the Fourteenth Amendment (*id*. at PageID 15); (3) defendant Evers "put in motion a series of events that he kn[ew] or should've known would cause [plaintiff] to be subjected to recreation, phone, personal property and visitation restrictions" without a "disciplinary or legitimate reason or purpose" in violation of the Fourteenth Amendment (*id*.); (4) defendant Evers' actions of placing plaintiff in a transport cell "could've le[d] staff to believe and/or assume that [plaintiff] was just simply awaiting transport" and "not entitled to the privileges" afforded other detainees in violation of the Fourteenth Amendment (*id*.); and (5) defendant Eversole prevented plaintiff from appealing his grievance in violation of the Fourteenth Amendment (*id*. at PageID 14).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes in an abundance of caution that plaintiff may proceed for further development at this juncture with his first group of claims against defendants Evers and Eversole in their individual capacities. *See Taylor v. Larson*, 505 F. App'x 475, 477-78 (6th

---

[3]"The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021)). Thus, to the extent that plaintiff asserts his conditions-of-confinement claims against defendants under the First or Eighth Amendments (*see, e.g.,* Doc. 1-1, at PageID 14-15), the Court considers them under the Fourteenth Amendment.

Cir. 2012).[4] However, his remaining claims should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

First, plaintiff has failed to state a claim against defendants Evers or Eversole in their official capacities. Plaintiff has failed to allege sufficient facts to plausibly suggest that his rights were violated by a custom or policy at the Jail as would be required to hold defendants liable in an official capacity. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff's conclusory allegations that "[t]here was no automatic nor any type of system in place" in the transport cells at the Jail "that allowed or provided . . . access [to] the phones and recreation time" are the type of legal conclusion couched as a factual allegation that do not pass muster under *Twombly* or *Iqbal*. (Doc. 1-1, at PageID 15). Plaintiff's assertions are too conclusory to permit the Court to draw the reasonable inference that the Jail is liable for the specific instances of misconduct alleged in the complaint. *See Twombly*, 550 U.S. at 556. Accordingly, the complaint should be dismissed as to both defendants in their official capacities. *See Monell*, 436 U.S. at 690.

Next, plaintiff's second and third groups of claims in which he alleges that he was improperly subjected to restrictions on recreation, phone use, personal property, and visitation while in the transport cell are subject to dismissal. To state a claim for unconstitutional conditions of confinement, a pretrial detainee must allege both an objective and a subjective component. *See Brawner v. Scott Cty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted). The plaintiff must allege sufficient facts to show that he was held under conditions which posed

---

[4]The Court advises plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

an objectively serious threat to his health and safety. *Id.* at 596–97. The plaintiff must also allege facts indicating that each defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. at 596 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). However, "[t]here is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) (internal quotation marks omitted).

Here, plaintiff's allegations that he was temporarily denied privileges for recreation, phone use, personal property, and visitation are insufficient to rise to a constitutional level. *See, e.g., Welsh v. Correct Care Recovery Sols.*, 845 F. App'x 311, 323-24 (5th Cir. 2021) (rejecting "punitive confinement conditions" claims premised on denial of "certain property such as electronics, snacks, and clothes"); *Broomfield v. Allen Cty. Jail*, No. 1:04-CV-361, 2005 WL 1174123, at *2 (N.D. Ind. May 3, 2005) (finding that the denial of telephone privileges and visitation for ten days to pretrial detainee did not amount to constitutional violation) (citing cases); *Stafford v. DeRose*, No. 3:CV-09-346, 2013 WL 877133, at *6 (M.D. Pa. Mar. 8, 2013) (pretrial detainee's allegations that he was denied adequate recreation privileges for twenty-one days insufficient to state a claim).

Plaintiff's fourth group of claims, which the Court understands to constitute a Fourteenth Amendment equal protection claim, is also subject to dismissal. To state an equal protection claim, plaintiff must allege sufficient facts to raise a plausible inference "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (cleaned up), *abrogated in part on other*

8

*grounds by King v. Harwood*, 853 F.3d 568, 580 n. 4 (6th Cir. 2017). Alternatively, plaintiff may state a "class-of-one" equal protection claim by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff's allegations do not demonstrate that he was discriminated against because of membership in a protected class. Nor do they demonstrate differential treatment from those similarly situated. Plaintiff does not allege that he was treated differently from other pretrial detainees who were found to have a security issue with their cell door or who may have been temporarily housed in an intake or transport cell. Accordingly, plaintiff's fourth group of claims should be dismissed.

Finally, plaintiff's fifth group of claims should be dismissed. "Prison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted); *see also Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Furthermore, even assuming, *arguendo*, that plaintiff was improperly prevented from filing a grievance, his right of access to the courts would not be compromised as the exhaustion requirement only mandates exhaustion of *available* administrative remedies. *See* 42 U.S.C. § 1997e(a). *See, e.g., Perkins v. Bailey,* No. 1:20-CV-1029, 2021 WL 868887, at *4–5 (W.D. Mich. Mar. 9, 2021).

Accordingly, in sum, the undersigned **RECOMMENDS** that the Court **DISMISS with prejudice** plaintiff's complaint, with the exception of his first group of claims against defendant Sergeants Evers and Eversole in their individual capacities. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS with prejudice** plaintiff's complaint, with the exception of his first group of claims against defendant Sergeants Evers and Eversole in their individual capacities.  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Sergeants Evers and Eversole, as directed by plaintiff.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

## PROCEDURE ON OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>January 6, 2025     </u>

KAREN L. LITKOVITZ
United States Magistrate Judge