UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| CALEB WHITFIELD, | : Case No. 3:24-cv-244 |
| Plaintiff, | : |
| vs. | : District Judge Thomas M. Rose |
| | : Magistrate Judge Karen L. Litkovitz |
| SERGEANT EVERS, *et al.*, | : |
| Defendants. | : |

**SUPPLEMENTAL**
**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Toledo Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendant Sergeants Evers and Eversole for alleged violations of his rights while he was a pretrial detainee at the Montgomery County Jail. (Doc. 5). On January 6, 2025, the Court entered a Report and Recommendation to dismiss the complaint with prejudice, with the exception of plaintiff's first group of claims against Evers and Eversole in their individual capacities for allegedly subjecting plaintiff to an unsanitary cell for two weeks—with the cell walls, floor, food port, and toilet covered in feces, an "overwhelming smell of urination," no working water, and constant illumination that interfered with his sleep and his eyes and caused him headaches, anxiety, and depression, forced him to sleep on a bare concrete slab for two days and then on a mat on the floor because the mattress did not fit; and denied him cleaning supplies in violation of the Fourteenth Amendment. (Doc.

6, at PageID 42-43; 47).[1] The District Judge adopted the Report and Recommendation in its entirety on February 10, 2025. (Doc. 13).

The matter is now before the Court on plaintiff's motion for reconsideration. (Doc. 18). Plaintiff asserts that his remaining four groups of claims as well as his official capacity claims should also have been allowed to proceed. For the reasons below, the Court **RECOMMENDS** that the motion for reconsideration (Doc. 18) be **DENIED**.

Plaintiff first asserts that the Court misconstrued his second and third groups of claims, which alleged that he was improperly subjected to restrictions on recreation, phone use, personal property, and visitation during his two-week stay in the transport cell, as conditions-of-confinement claims when he intended to raise them as due process claims. (Doc. 18, at PageID 92). The alleged deprivations, however, are insufficient to state a plausible due process claim. *See, e.g.*, *Pittman v. Rewerts*, No. 1:23-cv-107, 2023 WL 3243473, at *9 (W.D. Mich. May 4, 2023) (finding that denial of property for 14 days was insufficient to implicate the Due Process Clause); *Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, at *3 (6th Cir. Nov. 9, 2017) (finding that 30 days' loss of privileges was insufficient to implicate Due Process Clause); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (finding that 14 days' loss of privileges was insufficient to implicate the Due Process Clause). Accordingly, even if these claims were construed as plaintiff contends, they would still be subject to dismissal.

Plaintiff next asserts that the Court properly construed his fourth group of claims as a "class-of-one" equal protection claim but improperly dismissed it at the screening stage. Plaintiff, however, has failed to establish any error in the Court's analysis.

---

[1] As the Court noted in its January 6, 2025 Report and Recommendation, "The Fourteenth Amendment applies to conditions-of-confinement claims brought by pretrial detainees." *Bensfield v. Murray*, No. 4:21-cv-P104, 2022 WL 508902, at *2 (W.D. Ky. Feb. 18, 2022) (citing *Brawner v. Scott.*, 14 F.4th 585, 591 (6th Cir. 2021)).

To state a "class-of-one" equal protection claim, plaintiff must allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff asserts that by being housed in a transport cell for two weeks he was treated differently than other pretrial detainees with a disciplinary housing status. (Doc. 18, at PageID 92). But plaintiff acknowledges that he was moved out of his initial cell because the lock on his door was damaged. (Doc. 5, at PageID 34). As the Court explained in the January 6, 2025 Report and Recommendation, plaintiff does not allege that he was treated differently from other pretrial detainees who were found to have a security issue with their cell door or who may have been temporarily housed in an intake or transport cell. (Doc. 6, at PageID 46). Because plaintiff has failed to allege that he was treated differently than those similarly situated in all material respects, *see Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011), he has failed to state a plausible class-of-one equal protection claim. *See Bertovich v. Village of Valley View, Ohio,* 431 F. App'x 455, 458 (6th Cir. 2011) (finding dismissal of an equal protection claim to be appropriate where the plaintiff's complaint "does not point to any individual who was treated differently").

Furthermore, to the extent that plaintiff asserts that discovery will prove "that there was no rational basis for the difference in treatment" (Doc. 18, at PageID 93), "[p]laintiff cannot allege [an equal protection] claim hoping that discovery will reveal facts to support the claim. A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant." *Keene v. Wellpath Corp.*, No. 3:20-CV-P676-CHB, 2021 WL 1294782, at *2 (W.D. Ky. Apr. 7, 2021).

As for his fifth group of claims, plaintiff asserts that he intended to bring his grievance claim as a First Amendment retaliation claim. (Doc. 18, at PageID 93). To state a claim for

3

retaliation, plaintiff must allege facts showing: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two, that is, the adverse action was motivated at least in part by plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

An inmate has a First Amendment right to file grievances against prison officials. *See Noble v. Schmitt,* 87 F.3d 157, 162 (6th Cir.1996). However, to state a plausible retaliation claim, plaintiff must not only show he exercised this First Amendment right, but must also demonstrate that adverse actions were taken against him, which were motivated, at least in part, by the grievances he filed. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff's retaliation claim is entirely conclusory as he bases it solely on defendant Eversole allegedly marking his grievance as "not a grievance" to "keep the situation contained by not allowing it to advance to supervisors." (Doc. 18, at PageID 93). "This is the essence of 'an unadorned, the-defendant-unlawfully-harmed-me accusation' which is not sufficient to state any claim for relief." *Richardson-Bey v. Shelton*, No. 1:23CV138, 2023 WL 4316299, at *4 (M.D.N.C. July 3, 2023), *report and recommendation adopted*, 2023 WL 5153702 (M.D.N.C. Aug. 10, 2023) (dismissing retaliation claim for failure to state a claim upon which relief may be granted where the plaintiff based the claim "on nothing more than these Defendants' denials of his grievance and the fact that Plaintiff disagrees with their reasoning.").

Moreover, as noted in the Court's January 6, 2025 Report and Recommendation, any allegations that defendants were attempting to prevent plaintiff from bringing this lawsuit would also fail to state a claim for relief because the exhaustion requirement only mandates exhaustion of *available* administrative remedies. (Doc. 6, at PageID 46) (citing 42 U.S.C. § 1997e(a); *Perkins*

4

*v. Bailey,* No. 1:20-CV-1029, 2021 WL 868887, at *4–5 (W.D. Mich. Mar. 9, 2021)). *See also Richardson-Bey*, 2023 WL 4316299, at *4 ("Plaintiff's contentions that [Defendants'] denials were intended to cover up the actions of other Defendants or prevent him from seeking relief are nonsensical as the alleged actions could accomplish neither of those goals.").

Finally, plaintiff alleges that he should have been permitted to proceed on his official-capacity claims against Evers and Eversole because Montgomery County has a custom or practice of allowing and/or forcing pretrial detainees to sleep on the floor. This allegation does not appear in plaintiff's complaint. Moreover, it is the kind of legal conclusion couched as a factual allegation that is insufficient to state a claim upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). *See also Kennedy v. Fields*, No. 23-11949, 2024 WL 4057462, at *4 (E.D. Mich. May 14, 2024) (dismissing *Monell* claim where the plaintiff "offered no specific facts to show the type or frequency of these issues"); *Rayfield v. City of Grand Rapids*, 373 F. Supp. 3d 962, 977 (W.D. Mich. 2018) ("Conclusory assertions [of a policy or custom] are not enough to state a *Twombly* plausible *Monell* claim."). To the extent that plaintiff cites a case where a pretrial detainee at the Montgomery County Jail was forced to sleep on the floor without a mattress for four months while on suicide watch because he "would use anything in his means to harm himself, including a mattress," *see Cooper v. Montgomery Cty., Ohio*, No. 3:13-cv-272, 2017 WL 2841678, at *2 (S.D. Ohio June 30, 2017), that case simply does not support a finding of a County policy or practice of forcing pretrial detainees to sleep on the floor. Plaintiff does not allege that any County policy was responsible for the other alleged conditions of the cell.

Accordingly, in sum, plaintiff's motion for reconsideration (Doc. 18) should be **DENIED**.

5

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for reconsideration (Doc. 18) be **DENIED.**

**PROCEDURE ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 3/14/2025

Karen L. Litkovitz
United States Magistrate Judge